NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, :<br>:<br>Plaintiff, :<br>: **Criminal No. 11-455 (SRC)**<br>v. :<br>: **ORDER**<br>DINO RAMBHAROSE, :<br>:<br>Defendant. :<br>:<br>: | |

**CHESLER**, District Judge

This matter comes before the Court on the motion of Defendant Dino Rambharose ("Defendant") to dismiss this action on grounds of double jeopardy [docket entry 12]. The Court notes that although Defendant is represented by counsel, he has filed the instant motion pro se. Plaintiff the United States of America (the "Government") has opposed the motion.

In his papers, Defendant maintains that the Double Jeopardy Clause of the United States Constitution bars the Government from prosecuting him for the charge of violating 8 U.S.C. § 1253(a)(1)(C), which is based on allegations that between November 29, 2010 and March 25, 2011, Defendant took actions designed to prevent or hamper his deportation. According to the Indictment, Defendant is an alien against whom a final order of removal is outstanding by reason of being a member of a class described in 8 U.S.C. § 1227(a). According to both the Government's submission and Defendant's motion, it appears that the order of removal derives from Defendant's 1996 conviction for attempted criminal possession of a controlled substance in

violation of New York law. Defendant takes the position that the criminal action before this Court amounts to a second prosecution for the same offense underlying the 1996 conviction.

The Double Jeopardy Clause provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. 5. It bars both successive punishments and successive prosecutions for the same criminal offense. United States v. Dixon, 509 U.S. 688, 696 (1993). The protection of the Double Jeopardy Clause does not attach, however, where two distinct offenses have been committed. Blockburger v. United States, 284 U.S. 299, 304 (1932). The Supreme Court has held that "the test to be applied to determine whether there are two offenses or only one is whether each [statutory] provision requires proof of an additional fact which the other does not. Id. This test is known as the "Blockburger test," and it governs whether successive prosecutions violate double jeopardy. Dixon, 509 U.S. at 696; United States v. Hodge, 211 F.3d 74, 78 (3d Cir. 2000).

Under the Blockburger test, the offense charged in the 1996 conviction Defendant references is not the same offense as the deportation violation charged in the Indictment. To prove the deportation violation, the Government must demonstrate that: (1) a final order of removal was outstanding against Defendant; (2) Defendant was a deportable alien as defined by 8 U.S.C. § 1227(a); and (3) Defendant connived or conspired, or took any other action, designed to prevent or hamper or with the purpose of preventing or hampering his departure. 8 U.S.C. § 1253(a)(1)(C). In contrast, one of the elements of the drug possession offense for which Defendant was previously convicted is that the Defendant knowingly possessed a narcotic drug. N.Y. Penal Law § 220.16(1). The fact that Defendant is a deportable alien based on his 1996 drug conviction does not alter the double jeopardy analysis. The elements of the crime charged

2

in the Indictment are distinct from the drug possession offense, and each criminal offense requires proof of at least one fact which the other does not. The <u>Blockburger</u> test dictates that the Indictment does not place Defendant in double jeopardy of being tried or punished for the same offense. The protections of the Double Jeopardy Clause simply do not apply.

Thus, for the foregoing reasons,

**IT IS** on this 15th day of November, 2011,

**ORDERED** that Plaintiff's motion to dismiss the Indictment [docket entry 12] be and hereby is **DENIED**.

    s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge